UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA                :
                                        :
     - v -                              :
                                        :   CRIMINAL NO. 23-443-RC
**ELLIOT RESNICK,**                     :
        Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENSE SENTENCING RESPONSE

Elliot Resnick, through counsel, submits this brief response to the government's sentencing memorandum dated September 6, 2024 ("Gov't Mem.") to address three arguments raised by the government: (1) Mr. Resnick's eligibility for zero-point offender treatment, (2) the appropriateness of considering Mr. Resnick's care for his mother, and (3) specific deterrence.  In addition, we enclose herewith (4) an additional letter of support, from Mr. Resnick's employer, that we received since the filing of the initial defense submission.  See **Exhibit L** (Letter of Israel Mizrahi).

1.  **Mr. Resnick is a zero-point offender for whom imprisonment is not appropriate.**

The government argues that Mr. Resnick does not fall within the zero-point offender Guideline, U.S.S.G. § 4C1.1, because he "engaged in violence when he grabbed the wrist of a police officer to prevent the officer from spraying other rioters" and that "encouraged others to engage in violence or facilitated violence." Gov't Mem at 28.  The government is incorrect.

1

Mr. Resnick did not engage in any violence. "Violence" requires the "intent to harm." United States v. Bauer, 21 Cr. 386 (TNM), --- F. Supp. 3d ----, 2024 WL 324234, at *2 (D.D.C. Jan. 29, 2024) (construing § 4C1.1(a)(3), citing United States v. Pineda-Duarte, 933 F.3d 519, 524 (6th Cir. 2019) (construing similarly language in U.S.S.G. § 2D1.1(b)(2)). Mr. Resnick had no such intent. Nor did Mr. Resnick encourage or wish for others to use violence. That others did so does not bear on whether "the defendant" before the Court used violence. § 4C1.1(a)(3). Those who pushed against officers in the tunnel did not engage in "violence" within the meaning of § 4C1.1(a)(3). See United States v. Crowley, 23 Cr. 45 (TNM). Neither did Mr. Resnick.

Because Mr. Resnick is a § 4C1.1 zero-point offender with an advisory Guidelines range in Zone B of the Sentencing Table, the Sentencing Commission policy statement in Application Note 10 to U.S.S.G. § 5C1.1 applies to him. Cf. 18 U.S.C. § 3553(a)(5). That note provides that it is "generally appropriate" to impose "a sentence other than a sentence of imprisonment" on such defendants. § 5C1.1, n. 10(A). In Mr. Resnick's case, a noncustodial sentence of probation is appropriate and any term of imprisonment would be greater than necessary.

**2. The Court can and should consider Mr. Resnick's care for his mother.**

The PSR recommended that the Court make a downward variance from the Guidelines in light of Mr. Resnick's role as a caretaker for his mother, a 78-year-old widow and stroke survivor with whom he resides for the purpose of providing care and support. See PSR ¶ 105. The government's opposition to that recommendation

2

evidently stems from confusion about the difference between a variance a Guidelines departure.  See Gov't Mem at 33–34 (citing pre-Booker cases governing Guidelines *departures* for family circumstances).  Post-Booker, courts have broad discretion to consider "family responsibilities, an aspect of the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1), for reasons extending beyond the Guidelines."  United States v. Husein, 478 F.3d 318, 329–30 (6th Cir. 2007) (quotation marks and citation omitted).  The Court should do so here.

The government also questions whether Mr. Resnick's siblings could take over his caretaking responsibilities.  See Gov't Mem. at 34.  They could not provide nearly the same level of support.  Mr. Resnick's sister has eight children; his brother lives in California and has 10 children.  Mr. Resnick has no children and moved in with his mother to assist her.

**3.     Imprisonment is not necessary to specifically deter Mr. Resnick.**

The government suggests that prison is necessary to specifically deter Mr. Resnick because, it writes, "[s]hould the former president call on his supporters to once again engage in violent and extreme acts on his behalf, there is a high likelihood that Resnick would answer the call."  Gov't Mem. at 36.  The government's speculation appears to be based on years-old social media posts and Mr. Resnick's candid responses to the FBI's factual questions about his offense and about what he was thinking at that time.  The FBI did not ask Mr. Resnick about his current thinking.

3

The government should not confuse Mr. Resnick's extreme candor about his past conduct for a statement of future intent. The fact is that Mr. Resnick *has* learned from his offense—which has already cost him his career and made him a convicted felon. He represents to the Court with equal candor that he will *not* answer any call by Donald Trump to do anything illegal in response to the results of this upcoming election or anything else.

**4.     Additional Letter of Support.**

Finally, we ask the Court to accept the additional letter of support appended hereto as Exhibit L. The letter is from Mr. Resnick's current employer, Israel Mizrahi, who describes Mr. Resnick's work ethic and valuable assistance. He, too, hopes that the Court will impose a noncustodial sentence so that Mr. Resnick can continue his work at the bookstore.

* * * * *

The Court should adopt the recommendation of the Probation Office and sentence Mr. Resnick to three years' probation.

Dated:     New York, New York
           September 11, 2024

                              Respectfully submitted,
                              Federal Defenders of New York
                        By:   /s/
                              **Clay H. Kaminsky**
                              Attorney for Defendant
                                **Elliot Resnick**
                              52 Duane Street - 10th Floor
                              New York, New York 10007
                              Tel.: (212) 417-8749

# EXHIBIT L

Dear Judge Contreras,

My name is Israel Mizrahi, I own and operate Mizrahi Bookstore, a store in Brooklyn specializing in second-hand and antiquarian books of Jewish interest. In this capacity, I first interacted with Elliot Resnick as a columnist for the Jewish Press for which he served as editor for several years. In the last 9 months, Elliot has joined me several days a week at my bookstore as an assistant, in manning the store, shelving the material, and interacting and assisting customers.

I have found Elliot to be a great asset to the store's operations and a major assistance with dealing with customers. His extensive knowledge of history, literature and intellectual thought coupled with his patience for customers and his willingness to help has won over all visitors to the store. I have found Elliot to be punctual as regarding to the work times and committed to the work, an invaluable asset to the store. In my experience of hiring assistants, it is rare to find someone that is intellectually capable as well as committed to the often physical labor that is necessary to operate an independent bookstore, Elliot is thus a rare find and irreplaceable.

On my end, I am hoping the circumstances allow for Elliot to continue in his position in the store and am happy to be of assistance in any way that the Judge may find useful or if any addition information from my end is necessary. While Elliot has been as efficient and helpful as possible with the current circumstance, I am certain that if it is feasible for him to continue to work in the bookstore and at the stage where he will be past the episode in his life in which relation the court is responding to, he will be able to be of even more utility and benefit to the store and the community that frequents it,

Best wishes,

I. Mizrahi


Mizrahi Book Store
3108 Quentin Rd
Brooklyn NY 11234
antique, used, rare & out of print Jewish Books
http://judaicaused.com/